United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-21044
Summary Calendar

_____

ROBERT M. FENLON,

Plaintiff-Appellant,

versus

TOMMY THOMAS, Sheriff;
UNKNOWN DEPUTY SHERIFFS, 1 to 99;
JOHN DOES, 100-120,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-4271

_____

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Robert M. Fenlon, Texas prisoner #01015511, appeals the
district court's grant of summary judgment in favor of the
defendants, dismissing his 42 U.S.C. § 1983 complaint in which
Fenlon alleged that he was denied constitutionally adequate medical
care and is now blind in his right eye as a result.

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fenlon first challenges the procedure followed by the district court, arguing that the district court erred in granting summary judgment in favor of Sheriff Thomas individually because Thomas neither answered nor moved for summary judgment in his individual capacity. District courts, however, "possess the power to enter summary judgments *sua sponte*," a power limited only "by the requirement to provide prior notice." *Leatherman v. Tarrant county Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994) (citations omitted). The matters asserted and contentions made in Thomas's motion placed Fenlon on adequate notice that he had to come forward with all of his evidence against Thomas individually (as well as in his official capacity), and the district court agreed with Fenlon that his suit against Thomas was an "individual capacity" claim. Therefore, the district court's summary judgment was procedurally correct.

Second, Fenlon argues that the district court's grant of summary judgment was in error as Fenlon submitted competent summary judgment evidence raising a genuine issue of material fact. "This court reviews the grant of [a] summary judgment *de novo*, using the same criteria used by the district court in the first instance." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992). Contrary to Fenlon's contentions, Thomas addressed in his motion Fenlon's claim that under prison policy, prisoners had to wait sixty days or more in order to obtain eye care treatment, with no

2

exception for urgent care. The affidavit of Bobby Davis attached to Thomas's motion specifically spoke to this issue. Moreover, Fenlon's assertion that his allegations present a "condition of confinement" case is similarly without merit. Fenlon complained that the prison's medical staff ignored his urgent requests to see the optometrist, and that the prison's sixty-day backlog for optometry appointments allegedly permitted the staff's action and omissions. Such allegations set forth an "episodic act or omission" case as set forth in *Scott v. Moore*, 114 F.3d 51 (5th Cir. 1997) (en banc). Moreover, and in any event, Fenlon fails to demonstrate how his claim would meet the requirements for a valid "condition of confinement" case.

Although the affidavit Fenlon submitted in opposition to Thomas's summary judgment motion was competent summary judgment evidence under 28 U.S.C. § 1746, it did not create a genuine issue of material fact as to Fenlon's claims. Fenlon's conclusional allegations and unsubstantiated assertions regarding prison policy are insufficient to establish a genuine issue of material fact. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The only evidence Fenlon has submitted in support of his assertion that Thomas implemented an unconstitutional policy denying inmates emergency eye care are the facts surrounding his own case. Fenlon has adduced no evidence that other inmates were denied emergency eye care "or that the sheriff was otherwise

3

actually informed or consciously believed that the [prison's medical] policy would expose prisoners to substantial risk of significantly unmet serious medical needs." *Thompkins v. Belt*, 828 F.2d 298, 305 (5th Cir. 1987). Thus, assuming *arguendo* that Fenlon did not receive constitutionally adequate medical care, Thomas still "cannot be held liable on the theory that he implemented an unconstitutional policy when the record below indicates no more than that the system may have failed in the one particular instance of [Fenlon's eye] injury." *Id*. (footnote omitted).

Based on the foregoing, we conclude that the district court did not err in granting summary judgment, and its judgment is

AFFIRMED.

4